IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANITA K. BLUE,<br>NICHOLAS BLUE,<br><br>     Plaintiffs,<br><br>vs.<br><br>T.F.I., THE FARM INC. *et al.*,<br><br>     Defendants. | Case No. 13-1132-JTM-KGG |

**REPORT & RECOMMENDATION ON
MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND
ORDER ON MOTION FOR APPOINTMENT OF COUNSEL**

In conjunction with their federal court Complaint alleging a violation of Plaintiff Anita Blue's Constitutional due process and equal protection rights as well as a violation of the Americans With Disabilities Act on behalf of Plaintiff Nicholas Blue, Plaintiffs have filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1). They also have filed a Motion for Appointment of Counsel. (Doc. 4.) Having reviewed Plaintiffs' motions, as well as their Complaint (Doc. 1), the Court is prepared to rule.

**I. Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of

an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

Although there are two named Plaintiffs, a supporting financial affidavit has been submitted for only one of them, Anita Blue.  Based on information contained in the Complaint, however, the Court surmises that the second named Plaintiff, Nicholas Blue, is Plaintiff's adult son who has been diagnosed with autism.  Although he is not listed as Plaintiff's dependent, for purposes of this motion the Court will assume that he does not contribute to the household income in any significant manner.

In her supporting financial affidavit, Plaintiff indicates she is 52-years-old and single. (Doc. 3-1, at 1, 2.) She is currently unemployed but previously worked for the City of Wichita as a bus driver and receptionist. (*Id*., at 3.) She lists Social Security Disability as her only income. (*Id*., at 5.) She does not own an automobile or real property, but pays a modest amount in monthly rent for her home. She lists no typical monthly expenses such as utilities, insurance, or groceries but does enumerate certain consumer debts requiring monthly payment. (*Id*., at 5-6.) She has not filed for bankruptcy and indicates no cash on hand. (*Id*., at 4, 6.)

Considering all of the information contained in the financial affidavit, Plaintiff has not established that her access to the Courts would otherwise be seriously impaired if she is not granted *IFP* status. Her monthly income from Social Security exceeds her stated monthly expenses by almost $600.00 dollars. Under these circumstances, the undersigned Magistrate Judge **recommends** that Plaintiff's motion for *IFP* status be **DENIED**.[1]

**II.** **Motion for Appointment of Counsel**.

---

[1] A United States Magistrate Judge, on a plaintiff's motion to proceed *in forma pauperis*, should issue a report and recommendation as to whether the plaintiff is entitled to IFP status, rather than denying motion outright, since denial would be the functional equivalent of involuntary dismissal. **Lister v. Department of Treasury**, 408 F.3d 1309, 1311-12 (10th Cir. 2005).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

The Court is satisfied that Plaintiffs diligently searched for counsel. (*See* Doc. 4.) Although the Court does not recommend that Plaintiffs be granted *IFP* status, as discussed in § I, *above*, the Court finds that Plaintiffs could not otherwise afford counsel, satisfying the second *Castner* factor. As for the merits of Plaintiffs' claims, the third *Castner* factor, the Court identifies no concerns on the face of Plaintiff's federal court Complaint that would cause the Court to determine Plaintiff's claims to be without merit in their entirety. (Doc. 1.)

In considering the final *Castner* factor – Plaintiffs' capacity to represent themselves – the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. 979 F.2d at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf. Kayhill v. Unified Govern. of Wyandotte*, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

Although there is a reference to Nicholas Blue's potential autism in the Complaint, Plaintiffs have provided the Court with no specific information in that regard. Further, the Court sees no basis to distinguish Plaintiff Anita Blue from the many other untrained individuals who represent themselves *pro se* in Courts throughout the United States on any given day. Further, although Ms. Blue is not trained as an attorney, and while an attorney might present the case more effectively, this fact alone does not warrant appointment of counsel. As such, his Motion to Appoint Counsel is **DENIED**.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiffs' motion for *IFP* status (Doc. 3, sealed) be **DENIED**.

**IT IS ORDERED** that Plaintiffs' Motion for Appointment of Counsel (Doc.

5

4) is **DENIED**.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiffs shall have **14 (fourteen) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiffs' failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 23rd day of April, 2013.

 S/ KENNETH G . GALE
KENNETH G. GALE
United States Magistrate Judge