# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANITA K. BLUE,  )
NICHOLAS BLUE,  )
              )
    Plaintiffs,  )
              )
vs.           )  Case No. 13-1132-JTM-KGG
              )
T.F.I., THE FARM INC. *et al.*,  )
              )
    Defendants.  )
              )

## ORDER ON MOTION TO RECONSIDER
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND
## MOTION FOR APPOINTMENT OF COUNSEL

In conjunction with their federal court Complaint, Plaintiffs filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1), as well as a Motion for Appointment of Counsel.[1]  (Doc. 4.)  In ruling on these motions, the Court recommended that the *IFP* application be denied, while denying the motion for counsel.  (Docs. 5, 6.)

The Court previously held that Plaintiff failed to establish that her access to

---

[1] Although there are two named Plaintiffs, a supporting financial affidavit has been submitted for only one of them, Anita Blue.  Based on information contained in the Complaint, however, the Court surmises that the second named Plaintiff, Nicholas Blue, is Plaintiff's adult son who has been diagnosed with autism.  Although he is not listed as Plaintiff's dependent, for purposes of this motion the Court will assume that he does not contribute to the household income in any significant manner.

the courts would otherwise be seriously impaired if she is not granted *IFP* status. Based on the information provided in Plaintiff's financial affidavit, her monthly income from Social Security appeared to exceed her stated monthly expenses by almost $600.00. Plaintiff's motion to reconsider provides sufficient additional information regarding Plaintiff's expenses, medical bills, and consumer debts (*see* Doc. 7) for the Court to determine that the Motion to Reconsider should be **GRANTED** in regard to Plaintiff's *IFP* application.

In regard to the request for reconsideration of the Motion for Appointment of Counsel, Plaintiff has again failed to provide the Court with any basis to distinguish herself from the many other untrained individuals who represent themselves *pro se* in Courts throughout the United States on any given day. In support of the motion to reconsider, Plaintiff merely contends that she "is not an Attorney, and cannot afford to hire an Attorney in this matter." (Doc. 7, at 1.) She also states that she "needs an Attorney, appointed by the Court to bring a just a fair end to this matter." (*Id.*) As the Court indicated previously, although Ms. Blue is not trained as an attorney, and while an attorney might present the case more effectively, this fact alone does not warrant appointment of counsel. The Court reiterates that the factual and legal issues in this case are not unusually complex. *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000)

(finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").  As such, Plaintiff's Motion to Reconsider is **DENIED** in regard to Plaintiff's request for counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion to Reconsider Motion to Proceed Without Prepayment of Fees and Motion for Appointment of Counsel" (Doc. 7)  is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for *IFP* status (Doc. 3, sealed) and correlating portion of the Motion to Reconsider (Doc. 7) be **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Reconsider is **DENIED** in regard to the portions relating to Plaintiff's request for counsel.  (Doc. 7.)

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue summons in this case.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 11th day of June, 2013.

                                         S/ KENNETH G. GALE
                                         KENNETH G. GALE
                                         United States Magistrate Judge