IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Anita K. Blue, and Nicholas A. Blue,
    Plaintiffs,

vs.                            Case No. 13-1132-JTM

T.F.I, The Farm Inc., *et al*,
    Defendants.

MEMORANDUM AND ORDER

Anita and Nicholas Blue brought the present *pro se* Americans with Disability Act (ADA) claim against the Kansas Department of Health and Environment (KDHE) and The Farm, Inc (TFI), a not-for-profit child placement service. The Civil Complaint, which is signed by Anita Blue only, provides a factual narrative which is less than clear.[1] She also alleges that KDHE and TFI violated the ADA when they sent communications to her which labeled Nicholas Blue as "the foster parent's adult autistic son." (*Id*.) She claims $48,000 in lost wages, along with $3 million for "mental distress, emotional brakedowns due to Defendants slander & deformation of character." (*Id.* at 5).

---

[1] According to the state administrative record, an incident occurred in the Blue home which resulted in an investigation by KDHE and an issuance of findings. TFI subsequently withdrew from sponsorship of Anita Blue as a foster parent.

The matter was referred to the United States Magistrate Judge, who issued a Report and Recommendation (Dkt. 6). The Magistrate Judge reviewed the plaintiff's financial circumstances and recommended that the plaintiff's request for *in forma pauperis* status be denied. Further, the Magistrate Judge recommended that the plaintiff's motion for appointment of counsel be denied. The plaintiff objected to the Report and Recommendation, submitting additional financial information. (Dkt. 8). The Magistrate Judge subsequently granted the plaintiff leave to proceed in forma pauperis, but again denied the request for appointment of counsel. (Dkt. 9).

Both KDHE and TFI subsequently moved to dismiss the claims of the Blues. (Dkt. 13, 18). KDHE later submitted an amended motion to dismiss (Dkt. 25). The plaintiffs have not responded to any of these motions.

Pursuant to D.Kan.R. 7.4, when a party fails to file a timely response, which for dispositive motions is 21 days, "the court will consider and decide the motion as an uncontested motion." Both for good cause shown and pursuant to Rule 7.4, the defendants motions are hereby granted. The court finds that both motions demonstrate good cause for dismissal of the action.

Both defendants correctly argue that the action should be dismissed. First, the threadbare claims in the Complaint fail to present any plausible basis for relief under either the United States Constitution or the ADA. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In addition, the constitutional claims against TFI fail because there are no grounds

2

for concluding that the defendant, a private, not-for-profit corporation, was acting "under color of state law" when it decided to withdraw its sponsorship. *See Hall v. Witteman*, 584 F.3d 859, 864 (2009). The ADA claims fail because there is no indication that the plaintiffs have exhausted their administrative remedies under the statute. *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1318 (10th Cir. 2005).

The action against KDHE is dismissed because service on the defendant was accomplished by certified letter sent to the agency's Wichita office, rather than service on the attorney general or assistant attorney general, as required by K.S.A. 2012 Supp. 60-304(d)(5). Moreover, as an agency of the State of Kansas (K.S.A. 75-5601), the KDHE enjoys immunity from the plaintiffs' claim pursuant to the Eleventh Amendment. *People for the Ethical Treatment of Animals, Inc. v. Kansas State Fair Bd.*, 891 F. Supp. 2d 1212, 1216-17 (D. Kan. 2012).

IT IS ACCORDINGLY ORDERED this 18th day of March, 2014, that the defendants' Motions to Dismiss (Dkt. 13, 18, 25) are hereby granted.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE